**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROBERT BATES** | **CIVIL ACTION NO.** |
| **VERSUS** | **25-599-JWD-EWD** |
| **MICHELE DAUZAT, ET AL.** | |

**ORDER TO STAY AND ADMINISTRATIVELY CLOSE**

Before the Court is a Motion for Abeyance ("Motion"), filed by Robert Bates ("Petitioner").[1] Under Local Civil Rule 7(f), any opposition memorandum was due 21 days after service. No timely opposition has been filed to the Motion. Additionally, Petitioner has shown good cause to stay this case and hold it in abeyance, such that the Motion will be granted.

Petitioner filed this suit on July 8, 2025 pursuant to 28 U.S.C. § 2241, alleging that he is entitled to immediate release because his parole proceeding was constitutionally defective.[2] In 1995, Petitioner pleaded guilty to first degree murder and was sentenced to life without the benefit of parole, probation, or suspension of sentence.[3] In 1994, at the time of the commission of the crime, Petitioner was a juvenile.[4] Years later, in *Miller v. Alabama*,[5] and *Montgomery v. Louisiana*,[6] the United States Supreme Court held that mandatory life sentences for juvenile offenders are unconstitutional. The State initially intended to have Petitioner resentenced to life without parole

---

[1] R. Doc. 31.

[2] R. Doc. 1.

[3] R. Doc. 25-1, p. 5.

[4] R. Doc. 1, p. 3. Petitioner's birth date is generally redacted in the records; however, some records indicate that he was 17 years old at the time of his sentencing. *See, e.g.,* R. Doc. 25-1, pp. 24, 27; *see also*, p. 47 ("Juvenile Lifer Evaluation").

[5] 567 U.S. 460 (2012).

[6] 577 U.S. 190 (2016).

but withdrew its Notice of Intent to Seek Life Without Parole on August 3, 2021. As a result, Petitioner became entitled to parole consideration.[7]

"[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."[8] Such good cause exists here. While this Court previously held that there was not generally a state court procedure to exhaust challenges to parole committee action in Louisiana, such that a petitioner bringing such challenges could proceed directly to federal court,[9] after this case was filed, the Fifth Circuit held otherwise, making an "*Erie* guess" that a petitioner who has been denied parole or had his or her parole granted then rescinded must seek relief in the state courts before proceeding to the federal courts.[10] Petitioner then filed the Motion.[11]

As noted by Petitioner, in habeas proceedings, available state remedies are required to be exhausted before petitioners may proceed to seek relief in federal court.[12] At the time this suit was filed, this Court had found there was generally no avenue to exhaust state remedies. After this suit was filed, the Fifth Circuit concluded that such an avenue exists.[13] Therefore, there is good cause to stay this action, as Petitioner could not have been expected to exhaust through an avenue that

---

[7] It is undisputed that Petitioner became eligible for parole after the decisions in *Miller* and *Montgomery*. R. Docs. 1, p. 3; 27, p. 2.

[8] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[9] *Galbraith v. Hooper*, No. 19-181, 2022 WL 943144, at *6 (M.D. La. Mar. 9, 2022). There is a narrow exception allowing inmates to challenge parole procedures if the procedures violated the Committee's own rules. *See Sinclair v. Stalder*, 2003-1568 (La.App. 1 Cir. 10/17/03), 867 So. 2d 743, 744, *writ denied*, 2003-3177 (La. 1/14/05), 889 So.2d 253 ("This court has interpreted 15:574.11A as meaning there is no appeal of decisions of the board unless the procedural due process protections specifically afforded by the hearing provisions of 15:574.9 are violated."). The protections afforded in La. R.S. § 15:574.9 are inapplicable in this case, so it previously appeared that there was no route to exhaust Petitioner's claims. Petitioner cited these cases in his original Petition. R. Doc. 1, pp. 2-3.

[10] *Galbraith v. Hooper*, 151 F.4th 795, 807-808 (5th Cir. 2025).

[11] R. Doc. 31.

[12] R. Doc. 31, p. 1; 28 U.S.C. § 2254.

[13] *Galbraith*, 151 F.4th at 807-808.

this Court previously recognized as unavailable. Further, because Petitioner is required to exhaust state remedies before proceeding in this Court, and because dismissal of this case as unexhausted may prejudice Petitioner,[14] the request will be granted. Accordingly,

**IT IS ORDERED** that the Motion for Abeyance,[15] filed by Petitioner Robert Bates, is **GRANTED.** The Clerk of Court is directed to **STAY AND ADMINISTRATIVELY CLOSE** this case.

**IT IS FURTHER ORDERED** that Petitioner Robert Bates shall move to reopen this case within **14 (fourteen) days** of completion of the exhaustion of state court remedies, if appropriate.

Signed in Baton Rouge, Louisiana, on April 6, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] This suit was filed on July 8, 2025, challenging the denial of parole that occurred on July 9, 2024. R. Docs. 1-1, 1-2. Petitioner moved for reconsideration of the decision pursuant to the board rules, and that request was denied on August 23, 2024. R. Doc. 1-2. Pursuant to 28 U.S.C. § 2244(d)(1), Petitioner faces a strict time limit of one year to petition this Court for relief. Petitioner would have less than two months to refile any petition with this Court once state court remedies are exhausted. Additionally, because the Fifth Circuit made an *Erie* guess about whether there is a mechanism to exhaust state court remedies, if the Louisiana courts hold otherwise, a stay and abeyance of this case will avoid any issues regarding whether the Petitioner's state court challenges were "properly pending," which is required to suspend AEDPA's one year time limitations. Therefore, good cause supports stay and abeyance of this case until state court avenues for relief are exhausted.

[15] R. Doc. 31.